IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUELA REYES, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| KROGER TEXAS, LP, | § | 3-10CV-922-B |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas, LP, in the cause styled "Manuela Reyes v. Kroger Texas, LP" originally pending as Cause No. 09-09989 in the 160th Judicial District Court of Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

1.

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties. Kroger is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

2.

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

3.

Kroger Texas L.P., at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principle place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

4.

Plaintiff claims that, on or about July 10, 2008, she was injured at the Kroger store located at 313 W. Pioneer Parkway, Grand Prairie, Texas after she slipped and fell on what she believes to be a puddle of chicken grease.[1] Plaintiff contends that as a result of the incident, she has suffered severe and permanent bodily injury.[2] Plaintiff filed suit on August 7, 2009, in the 160th Judicial District Court of Dallas County, Texas, alleging negligence and gross negligence causes of action against Kroger.[3] Plaintiff seeks damages for past and future medical expenses, past and future pain, suffering and mental anguish, past and future impairment, past and future disfigurement, lost wages and loss of earning capacity, as well as exemplary damages.[4]

---

[1] *See* Plaintiff's First Amended Original Petition, attached hereto as Tab 5(m).

[2] *Id.*

[3] *See* Plaintiff's Original Petition, attached hereto as Tab 5(a).

[4] *See* Plaintiff's First Amended Original Petition, attached hereto as Tab 5(m).

5.

Kroger has attempted to ascertain the true amount in controversy. Plaintiff's First Amended Original Petition provides that the amount in controversy exceeds the minimum jurisdictional limits of the state court.[5] On April 30, 2010, Plaintiff extended a settlement demand that greatly exceeded $75,000.00, exclusive of interest and costs.[6] Kroger then sent correspondence on May 4, 2010 to Plaintiff requesting that she stipulate that her damages do not exceed $75,000.00, exclusive of interest and costs.[7] Plaintiff did not respond to this letter, but served her Second Supplemental Responses and Objections to Defendant's First Request for Admissions on May 5, 2010, which state the following in response to Request for Admission Nos. 1 and 2: "While Plaintiff understands that the award of damages is a [sic] issue decided by the jury, Plaintiff expects to seek damages in excess of $75,000.00, exclusive of interest and costs."[8] Plaintiff's settlement demand, failure to stipulate, and her discovery responses raise the presumption that the amount in controversy in this case exceeds $75,000.00 exclusive of interest and costs, thereby invoking federal court jurisdiction.[9] Based on Plaintiff's settlement demand,

---

[5] *Id.*

[6] *See* April 30, 2010 correspondence from Kimberly Stovall to Hailey Moore Weems attached hereto as Tab 1.

[7] *See* May 4, 2010 correspondence from Hailey Moore Weems to Kimberly Stovall attached hereto as Tab 2.

[8] *See* Plaintiff's Second Supplemental Responses and Objections to Defendant's First Request for Admissions attached hereto as Tab 3.

[9] *See, e.g., Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993); *Cross v. Bell Helmets, USA*, 927 F. Supp 209 (E.D. Tex. 1996) ("The rule is extremely simple: If the plaintiff desires to stipulate damages less than [the jurisdictional amount], do so in the state court, and case will not be removable"); *Meier v. Coresource, Inc.*, 173 F.3d 429 (disposition table), 1999 WL 133255 at *1 (6th Cir. 1999) ("When [plaintiff] refused to stipulate that the maximum amount sought was $47,500, the district court was justified in concluding that the amount in controversy... was in excess of [federal jurisdictional limit]"); *Dowdy v. Allstate Prop. & Cas. Ins. Co.*, 2002 WL 31421929 (N.D. Tex. Oct. 21, 2002); *Heitman v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 546756, *3 (N.D. Tex. Apr. 9, 2002) ("[plaintiff's] counsel would not enter into the stipulation. The refusal to stipulate that the amount in controversy does not exceed $75,000 indicates that the

failure to stipulate, and her discovery responses, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

6.

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable." 28 U.S.C. § 1446(b). Kroger first became aware this case was removable on or about April 30, 2010, when Plaintiff made a settlement demand in excess of $75,000.00, exclusive of interest and costs. Accordingly, this removal is timely because it is made within thirty days after the receipt by Kroger of the document which first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on August 7, 2009. 28 U.S.C. § 1446(b).

7.

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

8.

Kroger filed with the 160th Judicial District Court of Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

9.

Pursuant to Local Rule 81.1, the following documents are attached:

---

actual amount in controversy does exceed that sum"); *Del Real v. Healthsouth Corp.*, 171 F.Supp.2d 1041 (D. Ariz. 2001) (remand denied where plaintiff refused to stipulate damages below federal jurisdictional amount).

4.

(1) April 30, 2010 correspondence from Kimberly Stovall to Hailey Moore Weems;

(2) May 4, 2010 correspondence from Hailey Moore Weems to Kimberly Stovall;

(3) Plaintiff's Second Supplemental Responses and Objections to Defendant's First Request for Admissions;

(4) State court docket sheet (as of May 6, 2010);

(5) Index of State Court Filings;

    a) Plaintiff's Original Petition and Request for Disclosure and Citation (filed August 7, 2009);

    b) Defendant's Original Answer (filed September 16, 2009);

    c) Plaintiff's Business Records Affidavits (filed September 29, 2009);

    d) Rule 11 Agreement (filed October 22, 2009);

    e) Joint Status Report for Level 2 Cases (filed October 22, 2009);

    f) Agreed Scheduling Order (filed October 23, 2009);

    g) Plaintiff's Certification (filed November 16, 2009);

    h) Plaintiff's Business Records Affidavits (filed November 16, 2009);

    i) Defendant's First Amended Answer (filed December 2, 2009);

    j) Plaintiff's Motion to Rule on Objections and Compel Written Discovery (filed December 30, 2009);

    k) Plaintiff's Special Exceptions to Defendant's First Amended Answer (filed December 30, 2009);

    l) Plaintiff's Business Records Affidavits (filed December 30, 2009);

    m) Plaintiff's Motion to Rule on Objections and Compel Written Discovery (filed January 4, 2010);

n)     Plaintiff's Special Exceptions to Defendant's First Amended Answer (filed January 4, 2010);

o)     Plaintiff's First Amended Original Petition (filed January 8, 2010);

p)     Plaintiff's Designation of Testifying Medical Experts (filed February 9, 2010);

q)     Plaintiff's Motion to Extend Deadline to Designate Liability Experts (filed February 10, 2010);

r)     Plaintiff's Business Records Affidavits (filed February 16, 2010);

s)     Motion for Continuance of Plaintiff's Motion to Compel (February 18, 2010);

t)     Certificate of Deposition (filed February 22, 2010);

u)     Rule 11 Agreement (filed March 24, 2010);

v)     Defendant's No Evidence Motion for Summary Judgment and Brief in Support Thereof; and Rule 166a(c) Motion for Summary Judgment on Plaintiff's Negligent Activity Claim (filed April 26, 2010); and

w)     Notice of Hearing/Fiat (filed April 29, 2010).

(6)     Certificate of Interested Parties.

Also, a Civil Cover Sheet and Supplemental Civil Cover Sheet are being filed with this Notice.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ Hailey Moore Weems*

**Donna C. Peavler**
Attorney-in-charge
State Bar No. 00783887
dpeavler@peavlergroup.com
**Kimberly P. Harris**
State Bar No. 24002234
kharris@peavlergroup.com
**Hailey Moore Weems**
State Bar No. 24056000
hweems@peavlergroup.com
**THE PEAVLER GROUP**
3400 Carlisle Street, Suite 430
Dallas, Texas 75204
(214) 999-0550
(214) 999-0551 (fax)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsels of record:

Kimberly Stovall
Stovall & Associates, P.C.
Concorde on the Creek
6750 Hillcrest Plaza Drive
Suite 201
Dallas, Texas 75230

via first-class mail, in accordance with the Federal Rules of Civil Procedure on May 6, 2010.

*/s/ Hailey Moore Weems*
Hailey Moore Weems