

From: Case 3:10-cv-00922-B Document 1-3 Filed 05/07/10 Page 2 of 7 PageID 936
Case 3:10-cv-00922-B Document 1 Filed 05/07/10 Page 39 of 20 PageID 16
05/05/2010 11:12 #700 P.015/020

CAUSE NO. 09-9989

| | | |
|---|---|---|
| MANUELA REYES | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| KROGER TEXAS, LP | § | 160TH JUDICIAL DISTRICT |

## PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

COMES NOW, MANUELA REYES, Plaintiff in the above-styled and numbered cause and files this her Second Supplemental Responses and Objections to Defendant's First Request of Admissions, which were directed to Plaintiff and served upon her attorney.

Respectfully submitted,

STOVALL & ASSOCIATES, P.C.

By: *Kimberly Stovall wp Agbebie Obiesesan*
KIMBERLY A. STOVALL
State Bar No. 19337000

6750 Hillcrest Plaza Drive, Suite 201
Dallas, Texas 75230-1426
(972) 774-1276 (Telephone)
(972) 774-1277 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S 2nd SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S
FIRST REQUEST FOR ADMISSIONS                                                                Page - 1

From: Case 3:10-cv-00922-B   Document 1-3   Filed 05/07/10   Page 3 of 7   PageID 937
Case 3:10-cv-00922-B   Document 1   Filed 05/07/10   Page  of 20  PageID
05/05/10 11:12   #700 P.016/020

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record via the following method on this the ___ day of May 2010:

Hailey Moore Weems  
The Peavler Group  
3400 Carlisle Street  
Suite 430  
Dallas, Texas 75204

VIA FAX: 214-999-0551

_Kimberly Stovall_  
KIMBERLY A. STOVALL

Case 3:10-cv-00922-B Document 1-3 Filed 05/07/10 Page 4 of 7 PageID 938
Case 3:10-cv-00922-B Document 1 Filed 05/07/10 Page 18 of 20 PageID 18
From: 05/0?/010 11:13 #700 P.017/020

## REQUEST FOR ADMISSIONS

REQUEST FOR ADMISSION NO.1: Admit that you are seeking damages in excess of $75,000.00, exclusive of interest and costs.

RESPONSE: While Plaintiff understands that the award of damages is a issue decided by the jury, Plaintiff expects to seek damages in excess of $75,000.00, exclusive of interest and costs.

REQUEST FOR ADMISSION NO.2: Admit that you are not seeking damages in excess of $75,000.00, exclusive of interest and costs.

RESPONSE: While Plaintiff understands that the award of damages is a issue decided by the jury, Plaintiff expects to seek damages in excess of $75,000.00, exclusive of interest and costs.

REQUEST FOR ADMISSION NO.3: Admit that you have no personal knowledge regarding the specific amount of time the substance was on the floor before your fall.

RESPONSE: Admit that Plaintiff does not have direct personal knowledge of exactly how long the jelly, slippery substance was on the floor prior to her fall. However, it was obviously there long enough to have congealed. For further information, please see Plaintiff's deposition testimony and the testimony of fact witnesses which is incorporated by reference herein.

REQUEST FOR ADMISSION NO.4: Admit that you are aware of no eyewitnesses who saw the substance on the floor before your fall.

RESPONSE: Deny.

REQUEST FOR ADMISSION NO.5: Admit that you are aware of no photographs of the substance on the floor that were taken before your fall.

RESPONSE: Deny.

REQUEST FOR ADMISSION NO.6: Admit that you are aware of no photographs of the substance on the floor that were taken immediately before your fall.

RESPONSE: Plaintiff objects to the foregoing Request in that is premature and she will not know the answer until discovery is completed in this case.

REQUEST FOR ADMISSION NO.7: Admit that you are aware of no photographs of the substance on the floor that were taken immediately after your fall.

From: Case 3:10-cv-00922-B Document 1-3 Filed 05/07/10 Page 5 of 7 PageID 939
Case 3:10-cv-00922-B Document 1 Filed 05/07/10 Page 19 of 20 PageID 19
05/0    010 11:13        #700 P.018/020

RESPONSE: Plaintiff objects to the foregoing Request in that is premature and she will not know the answer until discovery is completed in this case.

REQUEST FOR ADMISSION NO.8: Admit that you do not know how the puddle of dirty liquid came to be on the floor.

RESPONSE: Admit that Plaintiff does not have direct personal knowledge of the exact manner in which the dangerous condition was created. However, the congealed substance has been identified by Defendant's employees as congealed chicken grease. The grease would leak from the containers on display of roasted chicken and chicken wings. For further information, please see Plaintiff's deposition testimony as well as the deposition testimony of all fact witnesses which is incorporated by reference herein.

REQUEST FOR ADMISSION NO.9: Admit that you have no personal knowledge regarding whether the substance was on the floor more than 10 minutes before your fall.

RESPONSE: Admit that Plaintiff does not have direct personal knowledge of exactly how long the jelly, slippery substance was on the floor prior to her fall. However, it was obviously there long enough to have congealed. For further information, please see Plaintiff's deposition testimony and the testimony of fact witnesses which is incorporated by reference herein.

REQUEST FOR ADMISSION NO.10: Admit that you have no personal knowledge regarding whether the substance was on the floor than 20 minutes before your fall.

RESPONSE: Admit that Plaintiff does not have direct personal knowledge of exactly how long the jelly, slippery substance was on the floor prior to her fall. However, it was obviously there long enough to have congealed. For further information, please see Plaintiff's deposition testimony and the testimony of fact witnesses which is incorporated by reference herein.

REQUEST FOR ADMISSION NO. 11: Admit that you have no personal knowledge regarding whether the substance was on the floor than 30 minutes before your fall.

RESPONSE: Admit that Plaintiff does not have direct personal knowledge of exactly how long the jelly, slippery substance was on the floor prior to her fall. However, it was obviously there long enough to have congealed. For further information, please see Plaintiff's deposition testimony and the testimony of fact witnesses which is incorporated by reference herein.

REQUEST FOR ADMISSION NO. 12: Admit that you are aware of no witnesses who have personal knowledge regarding whether the substance was on the floor more than 10 minutes before your fall.

**PLAINTIFF'S 2nd SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS**                    Page - 4

RESPONSE: Deny.

REQUEST FOR ADMISSION NO. 13: Admit that you are aware of no witnesses who have personal knowledge regarding whether the substance was on the floor more than 20 minutes before your fall.

RESPONSE: Deny.

REQUEST FOR ADMISSION NO. 14: Admit that you are aware of no witnesses who have personal knowledge regarding whether the substance was on the floor more than 30 minutes before your fall.

RESPONSE: Deny.

REQUEST FOR ADMISSION NO. 15: Admit that you are not aware of any statements by any Kroger employee (whether made before or after the incident at issue) that he or she was aware that the substance was on the floor before your fall.

RESPONSE: Deny.

REQUEST FOR ADMISSION NO. 16: Admit that you did not notice any footprints (other than perhaps your own) through the substance that you claim caused your fall.

RESPONSE: Admit

REQUEST FOR ADMISSION NO. 18(sic): Admit that you have no personal knowledge regarding how much time elapsed between the time a Kroger employee last inspected the area in which you fell and the time that you fell.

RESPONSE: Admit that Plaintiff has no direct personal knowledge. However, the congealed substance has been identified by Defendant's employees as congealed chicken grease. The grease would leak from the containers on display of roasted chicken and chicken wings. For further information, please see Plaintiff's deposition testimony as well as the deposition testimony of all fact witnesses which is incorporated by reference herein.

REQUEST FOR ADMISSION NO. 19: Admit that you have no personal knowledge regarding how much time elapsed between the time a Kroger employee last inspected the area in which you fell and the time that the substance appeared on the floor.

PLAINTIFF'S 2nd SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S
FIRST REQUEST FOR ADMISSIONS                                                   Page - 5

Case 3:10-cv-00922-B Document 1-3 Filed 05/07/10 Page 7 of 7 PageID 941
From: Case 3:10-cv-00922-B Document 1-1 Filed 05/07/10 Page 1 of 20 PageID 1
05/05 10 11:13 #700 P.020/020

RESPONSE: Admit that Plaintiff has no direct personal knowledge. However, the congealed substance has been identified by Defendant's employees as congealed chicken grease. The grease would leak from the containers on display of roasted chicken and chicken wings. For further information, please see Plaintiff's deposition testimony as well as the deposition testimony of all fact witnesses which is incorporated by reference herein.

REQUEST FOR ADMISSION NO. 20: Admit that Kroger had no actual knowledge of the alleged "dangerous condition."

RESPONSE: Deny.

REQUEST FOR ADMISSION NO.16(sic): Admit you sustained personal injuries to your body from an incident(s) prior to and unrelated to the incident in question.

RESPONSE: Deny.

REQUEST FOR ADMISSION NO.17(sic): Admit that you sustained personal injuries to your right knee from an incident(s) prior to and unrelated to the incident in question.

RESPONSE: Deny.