# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MANUELA REYES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:10-CV-922-B |
| § | |
| KROGER TEXAS, LP, § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's orders of reference, filed September 13 and 14, 2010, before the Court are *Plaintiff's Motion to Remand*, filed June 7, 2010 (doc. 4), *Plaintiff's Motion for Sanctions*, filed June 16, 2010 (doc. 10), *Plaintiff's Amended Motion to Remand and Brief in Support*, filed August 11, 2010 (doc. 18), *Plaintiff's Amended Motion to Remand and Brief in Support*, filed August 11, 2010 (doc. 19), and *Defendant's Objection to and Motion to Strike Plaintiff's Amended Motion to Remand and Brief in Support, and Subject Thereto, Response to Plaintiff's Amended Motion to Remand and Brief in Support Thereof*, filed August 25, 2010 (doc. 20). Based on the relevant filings, evidence, and applicable law, Plaintiff's amended motion to remand (doc. 19) and motion for sanctions (doc. 10) should be **DENIED**, and her original motion to remand (doc. 4) and her first amended motion to remand (doc. 18) should be **DENIED** as moot. Defendant's objections are **OVERRULED**, and its motion to strike is **DENIED**.

## I. BACKGROUND

On August 7, 2009, Plaintiff filed this lawsuit against Kroger Texas, LP ("Kroger"), in state court, alleging that she slipped and fell in a puddle of dirty grease liquid at a Kroger grocery store and sustained serious personal injuries. She sought damages for past and future medical expenses, past and future pain, suffering, and mental anguish, past and future impairment, past and future

disfigurement, lost wages, loss of earning capacity, and exemplary damages.

On November 11, 2009, Defendant sent Plaintiff discovery requests seeking admissions that she was either seeking damages in excess of $75,000.00 exclusive of interest and costs, or that she was not seeking such damages. Plaintiff objected that the requests were premature, and that she would not know the answer until completion of discovery. Defendant's discovery requests also asked Plaintiff to disclose the amount of economic damages she had suffered. Plaintiff identified her total medical expenses and lost wages as $14,260.14. On December 30, 2009, Defendant orally deposed Plaintiff and asked her to state the amount of money she was seeking. Her attorney objected and instructed her not to answer the question.

On March 9, 2010, Defendant sought depositions on written questions from Plaintiff's medical providers; it also sought to obtain worker's compensation records from her employer. On April 26, 2010, Defendant filed a no-evidence motion for summary judgment with the state court, and served a notice of hearing on Plaintiff the next day. On April 29, 2010, Defendant sought depositions on written questions from additional medical providers. On April 30, 2010, Plaintiff sent Defendant a settlement demand of $428,000.00. On May 4, 2010, Defendant requested that Plaintiff stipulate that her damages did not exceed $75,000.00, and did not receive any response. The same day, Plaintiff noticed depositions of four of Defendant's employees for May 7, 2010. On May 5, 2010, Plaintiff supplemented her response to Defendant's request for admissions, stating that she expected to seek damages in excess of $75,000.00.

On May 6, 2010, Defendant notified Plaintiff's counsel that it was removing the case to federal court. On May 7, 2010, Defendant filed a notice of removal with the federal district court for the Northern District of Texas, alleging diversity jurisdiction. Defendant claimed that its sole general partner KRGP, Inc., and its sole limited partner KRLP, Inc., were both Ohio corporations with their principal place of business in Ohio, while Plaintiff was a citizen, resident, and domiciliary

of Texas. Defendant also alleged that the amount in controversy exceeded $75,000.00. Defendant also filed a motion to quash Plaintiff's notice of intention to take oral depositions of its employees.

On June 7, 2010, Plaintiff moved to remand this case, arguing lack of diversity of citizenship. On June 16, 2010, she moved for Rule 11 sanctions, arguing that the removal in this case was groundless, brought in bad faith, and intended to harass, cause unnecessary delay, and needlessly increase litigation costs. On August 11, 2010, she filed two identical amended motions to remand, with the second motion attaching additional evidence. On August 25, 2010, Defendant moved to strike the amended motion. All of the motions are now ripe for consideration.

## II. DEFENDANT'S MOTION TO STRIKE (DOC. 20)

Defendant moves to strike Plaintiff's amended motion to remand on grounds that it is an untimely reply disguised as an amended motion, and that Plaintiff's counsel did not confer with defense counsel regarding the amended motion. Since the second amended motion is substantially the same as the original motion and Defendant has had an opportunity to respond fully, Defendant's objection is **OVERRULED**, and its motion to strike is **DENIED**.

## III. PLAINTIFF'S AMENDED MOTION TO REMAND (DOC. 19)

Plaintiff moves to remand this case to state court on grounds that complete diversity of citizenship is lacking and that Defendant waived its right of removal. She also seeks attorney's fees on grounds that the removal was improper.

**A.     Diversity of Citizenship**

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction exists in all civil

3

actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. 28 U.S.C. § 1332(a). The diversity of citizenship must be complete, i.e., no plaintiff should share the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

A limited partnership assumes the citizenship of each of its partners. *See id*; *Harvey v. Grey Wolf Drilling*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). A corporate partner is a citizen of the state of its incorporation and of the state where it has its principal place of business, i.e., the place where its high level officers direct, control, and coordinate its activities. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2003). Further, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

In its notice of removal, Defendant distinctly and affirmatively alleges that it is a limited partnership with one general partner, KRGP Inc., and one limited partner, KRLP Inc. It alleges that both partners are Ohio corporations with their principal places of business in Ohio. Defendant also provides affidavit evidence that both partners are fully owned by the Kroger Co., also an Ohio corporation with its principal place of business in Ohio. The affidavit explains that the two partners share the same officers, who are in turn employed by the Kroger Co. and work out of its principal place of business in Ohio. The affidavit declares that the two partners have never been incorporated in or had their principal places of business in Texas, and at no relevant time have had any directors,

4

officers, or employees in Texas. Based on these facts, Defendant has shown that its two partners are citizens of Ohio.[1] Since Plaintiff is a citizen of Texas, there is complete diversity of citizenship between the parties. Additionally, since the amount in controversy exceeds $75,000.00 exclusive of interests and cost, the Court has diversity jurisdiction over this case.

**B.     Waiver**

Plaintiff contends that Defendant has waived its right of removal by failing to timely file the notice of removal, by filing a motion for summary judgment, and by continuing to defend the suit in state court after removal.

A party may implicitly waive its right of removal by failing to timely file a notice of removal. *See Buchner v. F.D.I.C.*, 981 F.2d 816, 818 (5th Cir. 1993). Removal based on diversity jurisdiction is timely if the defendant files a notice of removal within thirty days after receipt of the initial pleading, amended pleading, motion, or other paper from which it may first be ascertained that the case is removable. 28 U.S.C. 1446(b). If the case is not initially removable, the notice may not be filed after one year of the commencement of the action. *See id.*; *Johnson v. Heublein Inc.*, 227 F.3d 236, 240-41 (5th Cir. 2000). The thirty-day period for removal runs from the service of the initial pleading only if that pleading "'affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2010) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

Here, Plaintiff's initial pleading, filed on August 7, 2009, did not allege that she was seeking damages in excess of the minimum jurisdictional amount of the federal court. Defendant has shown

---

[1] Plaintiff does not dispute these assertions but argues that Defendant is headquartered in Houston, Texas. Defendant responds that while it has senior personnel in Houston, Texas, they ultimately report to the senior officers of the Kroger Co. Regardless, as noted, a limited partnership's citizenship is determined by the citizenship of its partners, and not by its principal place of business. *See Corfield*, 355 F.3d at 857; *Harvey*, 542 F.3d at 1079.

that it did not receive any other pleading, motion, or paper from which it could ascertain the jurisdictional amount until April 30, 2010, when it received a settlement demand of $428,000.00 from Plaintiff. Since Defendant filed the notice of removal within seven days of that date and within one year of the commencement of the action, it timely removed the case to federal court.

Plaintiff also contends that Defendant waived its right to remove by filing a motion for summary judgment in state court before filing the notice of removal, and by continuing to defend the suit in state court after filing the notice. Even though a party may waive its right to remove by defending the suit in state court, *see Heublein* 227 F.3d at 244; *Brown v. Demco*, 792 F.2d 478, 481 (5th Cir. 1996), the right is not waived "by participating in state court proceedings short of seeking an adjudication on the merits." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003). Additionally, since waiver involves "'the intentional relinquishment or abandonment of a known right,'" a defendant cannot waive its right to remove a case before it becomes removable. *Tedford*, 327 F.3d at 428 n.15 (quoting *In re Al Copeland Enters., Inc.*, 153 F.3d 268, 271 (5th Cir. 1998)). Here, Defendant filed a motion for summary judgment before its right to remove became ascertainable and could therefore not have waived that right. The record does not indicate that Defendant sought an adjudication on the merits after the right became ascertainable. Defendant has therefore not waived its right to remove.

In conclusion, Defendant has met its burden to show that federal jurisdiction exists and that removal was proper. Accordingly, Plaintiff's amended motion to remand and her request for attorney's fees (doc. 19) should be **DENIED**. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (attorneys' fees are appropriate only when there is no objectively reasonable basis for removal). Plaintiff's original motion to remand (doc. 4) and her first amended motion to remand (doc. 18) should be **DENIED** as moot.

## IV. MOTION FOR SANCTIONS (DOC. 10)

Plaintiff also moves for Rule 11 sanctions arguing that Defendant's notice of removal was groundless, and was filed in bad faith, and for the purpose of harassment, delay, and increasing costs. Defendant responds that Plaintiff did not comply with the safe harbor provision in Fed. R. of Civ. P. 11(c)(2) before filing her motion for sanctions and did not file a brief as required by local rule 7.1(h). It also disputes that it engaged in sanctionable conduct.

Rule 11(b) provides that by presenting a filing to a court, attorneys and *pro se* litigants are certifying that to the best of their belief, after reasonable inquiry, (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims and/or defenses in the filing are supported by either existing law or by a non-frivolous argument for changing existing law or establishing new law; and (3) factual contentions have or will likely have evidentiary support. Fed. R. Civ. P. 11(b). After notice and opportunity to respond,[2] courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1).

A motion for sanctions must be made separately from any other motion and must describe specific sanctionable conduct. Fed. R. Civ. P. 11(c)(2). Additionally, under the safe harbor provision embodied in Fed. R. Civ. P. 11(c)(2), a party may not file a motion for sanctions with the court until twenty-one days after serving the motion on the opposing party. *See Brunig v. Clark*, 560 F.3d 292, 297 n.16 (5th Cir. 2009). The twenty-one day period provides the opposing party an opportunity to correct its actions. *See id.* The safe harbor provision is strictly construed, and substantial compliance and informal notice and opportunity to withdraw are not sufficient. *See In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008) (addressing "substantially identical" bankruptcy Rule 9011). A Rule 11 motion for sanctions is properly denied when the movant fails to comply with the

---

[2] A proper motion for sanctions under Rule 11 satisfies the notice requirement.

7

safe harbor provision. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). The movant has the burden to show compliance. *See Harris v. Auxilium Pharms., Inc.*, 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009).

Here, Plaintiff has failed to meet her burden to show that she served her motion for sanctions twenty-one days prior to filing it with the Court. Additionally, she has not filed a brief with her motion as required by local rule 7.1(h).[3] Since Plaintiff has failed to comply with the safe harbor provision and the local rules, her motion for sanctions should be **DENIED**.[4]

### IV. CONCLUSION

Plaintiff's amended motion to remand (doc. 19) and motion for sanctions (doc. 10) should be **DENIED**, and her original motion to remand (doc. 4) and her first amended motion to remand (doc. 18) should be **DENIED**, as moot. Defendant's objections to her amended motion should be **OVERRULED**, and its motion to strike should be **DENIED**.

**SO RECOMMENDED** on this 2nd day of October, 2010.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Her initial motion for sanctions was stricken for failure to file a brief in compliance with local rule 7.1(h).

[4] Based on the recommended denial of Plaintiff's motion to remand be denied, she has also not shown that the removal was groundless or filed in bad faith.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE