UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| MANUELA REYES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-0922-B |
| | § | |
| KROGER TEXAS LP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kroger Texas L.P.'s Motion for Summary Judgment (doc. 30). Having considered the Motion, briefing of the parties, and applicable law, the Court finds that it should be **GRANTED IN PART** and **DENIED IN PART** for the reasons discussed below.

I.

BACKGROUND

This is a personal injury action arising out of a slip and fall accident. Plaintiff Manuela Reyes ("Reyes") was shopping at Kroger grocery store in Grand Prairie, Texas when she slipped and fell on a puddle of liquid. (Pl.'s Resp. Br. Mot. Summ. J. 1.) Reyes fell while walking near the chicken warmer, a self-service display bin holding cooked chickens. (*Id.*) The puddle was later identified by a Kroger employee as chicken grease. (*Id.* at 3.) At the time of the incident, Kroger wrapped some of its chickens in plastic bags and others in plastic containers with domed lids ("domed containers"). (*Id.* at 2.) Kroger admits the domed containers are prone to leaks, and that it had found chicken grease on the floor surrounding the chicken warmer on prior occasions. (*Id.*) Kroger employees

received general instructions to monitor the floor throughout the store for spills, but were given no specific instructions to monitor the chicken warmer area. (*Id*. at 6.)

Reyes alleges she suffered physical injuries as a result of the fall. (Pl.'s Orig. Compl. 3-4). Reyes filed this action in the 160th Judicial District Court of Dallas County, Texas on August 7, 2009, alleging that the grease spilled from a domed container, and that Kroger is liable under both negligent activity and premises liability theories. (*Id.* at 3.) Kroger removed the case to this Court on May 7, 2010 (doc. 1) and filed its Motion for Summary Judgment on October 11, 2010 (doc. 30). The motion being ripe, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARDS

Summary judgment is appropriate where the pleadings and record evidence show no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts preclude a grant of summary judgment, and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

The movant bears the burden of proving no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). Where, as here, the non-movant bears the burden of proof at trial, the movant need not support its motion with evidence negating the non-movant's case. Instead, the movant may satisfy its burden by pointing to the absence of evidence to support an essential element of the non-movant's case. *Id*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. V. Catrett*, 477 U.S. 317, 325

(1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' …by 'conclusory allegations,'…by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, the non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). The non-moving party must show that the evidence is sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr* (200 F.3d 291, 302 (5th Cir. 2000). The court will not make credibility determinations, weigh the evidence, or draw inferences but instead confine its inquiry to facts material under the governing legal standard. *Anderson*, 477 U.S. at 255. In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant.

## III.

## ANALYSIS

Reyes asserts both negligent activity and premises liability claims against Kroger. Specifically, Reyes argues that packaging some chickens in the domed containers constitutes a negligent activity. Reyes also argues that Kroger is liable under a premises liability theory because both the grease on the floor and the domed containers themselves are unreasonably dangerous conditions.

*A. Negligent Activity*

To recover on a negligent activity theory, the plaintiff must prove she was "injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Reyes argues that Kroger's use of domed containers to package its chickens is a negligent activity, and that her injury contemporaneously

resulted from that packaging. (Pl.'s Br. Resp. to Def.'s Mot. Summ. J. 7-8.) In its summary judgment motion, Kroger argues that none of Reyes' evidence shows or supports an inference the injury was caused by an ongoing activity. (Def.'s Br. Mot. Summ. J. 3.) Instead, Kroger maintains the evidence shows that Reyes was injured by the liquid on the floor, a condition potentially created by the activity of packaging the chickens into the domed containers. *See Keetch*, 845 S.W.2d at 264 (recognizing that "almost every artificial condition can be said to have been created by an activity" and declining to erase the distinction between conditions of the premises and conditions created by negligent activities.) The Court agrees with Kroger.

To prevail on a negligent activity claim, Reyes must point to an ongoing activity at the time of injury. *Keetch*, 834 S.W.2d at 264. Reyes offers no evidence that Kroger employees were packaging the chickens in the domed containers at the time of the injury, or that any other ongoing activity occurred contemporaneously with her fall. At the time Reyes slipped, the chickens were simply sitting in the domed containers in the chicken warmer bin. (Pl.'s Resp. Br. Mot. Summ. J. 1.) The domed containers and the puddle of grease on the floor are conditions of the premises created by the activity of packaging the chickens, or by the activity of customers picking up the containers from the chicken warmer. Because conditions created by an activity are insufficient to support a negligent activity claim, the Court **GRANTS** Kroger's motion for summary judgment with respect to the negligent activity claim.

*B. Premises Liability*

Because Reyes is an invitee, Kroger has a duty to protect her from known or discoverable dangerous conditions on its premises. *Wal-Mart Stores, Inc. V. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). To recover on a premises liability claim under Texas law, the plaintiff bears the burden of

establishing 1) that the defendant had actual or constructive knowledge of the condition; 2) that the condition posed an unreasonable risk of harm; 3) that the defendant did not exercise reasonable care in reducing or eliminating the risk; and 4) that failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). To prevail on its motion for summary judgment, Kroger need only establish the absence of an essential element of the plaintiff's case.

The parties disagree as to the precise dangerous condition at issue in this case. Kroger's motion for summary judgment centers on the puddle of grease upon which Reyes slipped as the dangerous condition. Reyes's response focuses on the manner in which the chickens were packaged and displayed to be the dangerous condition at issue. The court will address both conditions in turn.

*1. The Grease Puddle as a Dangerous Condition*

Kroger argues that Reyes fails to present any evidence it had actual or constructive knowledge of the grease puddle on the floor at the time Reyes slipped and fell. To establish that the defendant had actual or constructive knowledge of the condition, Reyes must prove "(1) that the defendant placed the foreign substance on the floor; (2) that it knew that the foreign substance was on the floor and negligently failed to remove it; or (3) that it had been on the floor for such a period of time that it would have been discovered and removed by the defendant in the exercise of ordinary care." *Isaacs v. American Petrofina*, 368 F.2d 193, 195 (5th cir. 1966).

Reyes does not argue, and nothing in the summary judgment record suggests, that Kroger had direct knowledge of the puddle of grease. In response to the puddle of grease as the dangerous condition, Reyes cites the testimony of a Kroger employee and argues that Kroger had constructive knowledge the grease puddle was on the floor because it knew the chickens were packaged in domed

containers, that the domed containers were prone to leaks, and that chicken grease was often found on the floor near the chicken warmer. (Holloway Dep. 72:17-21; Pl.'s Br. Resp. to Def.'s Mot. Summ. J. 4.) This evidence, without more, is insufficient to infer Kroger had actual or constructive knowledge of the grease puddle on the floor at the time Reyes slipped and fell for the reasons discussed below.

Constructive knowledge can only be established through "proof that a dangerous condition existed for some length of time" to prevent storeowners from being strictly liable for situations where the fortuitous act of a customers creates a dangerous condition. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W. 3d 812 (Tex. 2002) citing *Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976). Reyes admits she has no personal knowledge as to how long the chicken grease was on the floor, and further admits she has no evidence that any Kroger employee noticed or should have noticed the chicken grease before she slipped on it. (App. to Def.'s Mot. Summ. J. 3-6). Absent evidence supporting an inference that the grease was on the ground for a sufficient period of time, any argument that Kroger had constructive knowledge of the puddle fails as a matter of law.

Furthermore, knowledge that the domed containers were capable of causing a puddle of grease to form on the floor does not satisfy the plaintiff's burden to prove actual or constructive knowledge of the dangerous condition itself. *Brookshire Grocery Co. V. Taylor*, 222 S.W. 3d 406, 409 (Tex. 2006) (finding that the only unreasonably dangerous condition in the case was the ice cube upon which the plaintiff slipped, despite plaintiff's evidence that the ice dispenser was prone to spills); *Gates v. Wal-Mart Stores, Inc.*, 2007 WL 1052656 (S.D. Tex. 2007), citing *Brookshire Grocery*, 222 S.W. 3d 406 at 409 ("Under Texas law, the dangerous condition is the ice on which Gates fell, not the ice machine or the bags in which the ice was packaged.").

Because Reyes fails to present evidence from which a reasonable jury could conclude Kroger had actual or constructive notice of the grease puddle on the floor, the remaining elements of the need not be addressed and Kroger's motion for summary judgment on the premises liability claim citing the grease puddle as the dangerous condition should be **GRANTED.**

*2. The Chicken Display as a Dangerous Condition*

Reyes's response focuses on the domed containers in which the chickens were packaged as the dangerous condition, arguing that the manner in which the chickens were displayed constitutes an unreasonably dangerous condition in and of itself. A self-service display can be considered an unreasonably dangerous condition in exceptional circumstances. *Brookshire Grocery*, 222 S.W. 3d at 408 citing *Corbin*, 648 S.W.2d at 296. In *Corbin*, the Supreme Court of Texas held that the plaintiff need not prove that the grocery store had actual knowledge of the particular grape upon which he slipped because the store admitted its self-service grape display was set up in such a way that it posed an unusually high risk of spilling grapes on to the floor. *Corbin*, 648 S.W.2d at 296. The court was willing to infer that Safeway knew there was a grape on the floor because the display was such that grapes were almost always on the floor. *Id.* However, the mere presence of a self-service display without other supporting evidence is insufficient to give rise to this inference. *H.E. Butt Grocery Co. v. Resendez*, 988 S.W.2d 218, 219 (Tex. 1999).

In its motion for summary judgment, Kroger argues there is no evidence the domed containers in the self-service chicken display posed any "greater danger than one would ordinarily encounter with such containers or warmers, or that these particular containers or warmer were prone to having liquid leak from them." (Def.'s Reply Mot. Summ. J. 4.) However, Reyes offers testimony from a Kroger employee that grease was frequently on the floor near the chicken warmer because

- 7 -

the domed containers often leaked when customers removed them from the chicken warmer bin, and that Kroger "knew...at some point there would be trouble." (Holloway Dep. 71:18-19.) This evidence raises a genuine issue of material fact as to Kroger's knowledge of the dangerous condition. As in *Corbin*, a reasonable jury could infer that Kroger had actual knowledge of the chicken grease on the floor because the manner of displaying the chickens created an unusually high risk grease would spill on to the floor.

The court's inquiry then turns to the remaining elements of the premises liability claim based on the domed containers as the dangerous condition. Genuine issues of material fact exist as to each of them. Reyes has presented evidence the containers leak causing puddles of grease to form on the floor. (Holloway Dep. 72:17-21.) Whether a condition constitutes an unreasonable risk is a question of fact for the jury to decide, and based on the evidence presented, a reasonable jury could easily find that these containers posed an unreasonable risk of harm to customers. Reyes also offers testimony from Kroger employees that "there were no mats or any other type of absorbent material" on the floor near the chicken warmer, and that the chicken warmer was in a high-traffic area of the store. (Rannebarger Dep. 69:24-70:5; Holloway Dep. 106:15.) Based on this evidence, a reasonable jury could conclude that Kroger failed exercise reasonable care in reducing or eliminating the risk. Kroger argues Reyes cannot establish that Kroger failed to exercise reasonable care without expert testimony regarding the reasonable standard of care. (Def.'s Br. Mot. Summ. J. 8.) However, "expert testimony is necessary only where the alleged negligence is of such nature as not to be within the experience of a layperson." *Leffall v. Kroger Co.*, 3:03-CV-2751-D, 2005 WL 645219, at *3 (N.D. Tex. Mar. 18, 2005) citing *Hamburger v. State Farm Mutual Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004). Finally, the Kroger employee's observations that there was a grease puddle on the

spot where Reyes fell, that there was a grease stain on Reyes's pants after she fell, and that her knee was bruised and swollen immediately after falling serves as evidence from which a jury could conclude that the manner in which the chickens were displayed proximately caused the plaintiff's injuries. (Holloway Dep. 105:3-12.)

Thus, Kroger's motion for summary judgment with respect to Reyes's claim that the manner in which the chicken was displayed constituted a dangerous condition must be **DENIED.**

IV.

CONCLUSION

Kroger's motion for summary judgment on the negligent activity claim is **GRANTED.** Kroger's motion for summary judgment on the premises liability claim is **GRANTED IN PART** and **DENIED IN PART.** Reyes fails to raise a genuine issue of material fact in support of a premises liability claim based on the grease puddle as a dangerous condition, so Kroger's motion for summary judgment as to this claim is **GRANTED.** However, there is a genuine issue of material fact as to whether the domed containers in which the chickens were displayed constitute an unreasonably dangerous condition. Thus, Kroger's motion for summary judgment on this point is **DENIED.** The only issue remaining for trial is the premises liability claim based on the display of the chickens in the domed containers as a dangerous condition.

So Ordered.

January 14, 2010.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE